UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANDRE DIVIANO WILLIAMS, | ) |
| Petitioner, | ) |
| v. | ) No. 4:13CV1139 CDP |
| JAY CASSADY, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before me on petitioner's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because it is plain from the face of the petition that petitioner has not exhausted available state remedies, I will dismiss this action without prejudice.

Petitioner was sentenced to two concurrent sentences of twenty years' imprisonment on December 2, 2005, for drug trafficking charges. State v. Williams, No. 22041-02931-01 (22nd Jud. Cir.); State v. Williams, No. 22041-02386-01 (22nd Jud. Cir.). Petitioner alleges that he was granted parole, and he claims that his parole was revoked by the Missouri Board of Probation and Parole on August 22, 2012, for alleged drug charges.

Petitioner argues that he was denied his rights under the Due Process Clause during his parole revocation hearing because he was not given access to the police or

laboratory results, because he was not able to examine the laboratory technician that made the report, and because he was unable to present witnesses to support his defense.

Petitioner states in the petition that he has not brought this claim before any state court or in any state proceeding. He states that this is his first attempt to present this claim to any court.

The Eighth Circuit Court of Appeals has held that a claim for unconstitutional revocation of parole is cognizable in § 2254 proceedings and "failure to exhaust available state court remedies would require dismissal of [the] action" under Rule 4 of the Rules Governing § 2254 Cases. Veneri v. State of Mo., 734 F.2d 391, 393 (8th Cir. 1984). Missouri law provides at least three distinct avenues for challenging a parole decision: by bringing a declaratory action against the Board, by filing a state petition for habeas corpus, or by filing a petition for writ of mandamus. Wayne v. Missouri Board of Probation and Parole, 83 F.3d 994, 996-97 (8th Cir. 1996). Because petitioner has failed to exhaust state remedies, the Court will dismiss this case without further proceedings. Habeas petitioners are required to diligently pursue their rights in state court.

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether his claims are exhausted. Therefore, I will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this 26th day of July, 2013.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE